## Case No. 9,109.

### In re MARSH et al.

### [19 N. B. R. 297.] [1]

District Court. D. Vermont. Oct. 20. 1879.

BANKRUPTCY—BANKRUPT's BOOKS—HOW KEPT—CASH BOOK—BANK BOOK.

The statute (section 5110, subd. 7) requires that the books kept by the bankrupt shall be proper,—that is. for their purpose, which includes being honest.—but does not go so far as to require that they shall show where losses accrued, or how. The bankrupts were engaged in buying and selling hemlock bark and lumber, each taking charge of each branch. They kept no cash book, but kept bank accounts showing the amount received, and each kept a book profess-

[1] [Reprinted by permission.]

ing to show what amounts and to whom each paid. There was no claim that money had been paid by either and not entered on his book. or that any had been entered which had not been paid. *Held*, that the books kept were proper for the business done.

[In the matter of Marsh and Burnett, bankrupts.]

J. J. Wilson, for opposing creditors.
Hunton & Stickney, for bankrupts.

WHEELER, District Judge. This cause has been heard upon the application of the bankrupts for a discharge, and the specifications in opposition thereto. The specifications are, that the bankrupts did not keep proper books of account, because their books did not "show what moneys were received, or what disposition was made of the same," and that they did not keep a cash book. No question can properly be considered except such as arises with reference to these specific grounds. The grounds are confined to whether they kept proper books in respect to the receipt and payment of cash. What would be proper in this behalf must depend upon the nature of the business and the mode in which it was conducted. They bought hemlock bark and lumber, each taking charge of each branch, and forwarded it to customers by public conveyance. They kept bank accounts showing what money each received, and each kept a book professing to show what amounts and to whom each paid.

The counsel for the opposing creditor frankly states that they show no instance in which either paid money which he did not enter on his book, and none in which either entered money as paid which he did not pay; but claims that, by averaging the profits on what of the business they can trace with the result of the whole, they show a large proportion of business not to have been entered.

This method has too long a range to hit the object of the provision of the statute relating to books of account. The statute requires that they should be proper,—that is, for their purpose, which includes being honest.—but does not go so far as to require that books shall show where losses accrued, or how. The same provision was in the act of 1841 [5 Stat. 440], and in the English statutes, and was construed as requiring that the books should not, in what they showed, or failed to show, be fraudulent. The same provision, when adopted in the act of 1867 [14 Stat. 517], must be considered as having been adopted in view of the construction which it had received.

In this view, it cannot be justly held that the books shown to have been kept in this case were not proper for the business done.

Discharges granted.